[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE FIRST COUNT
CT Page 12819
In this action for unlawful termination of employment the defendant moves to strike the claim of intentional infliction of emotional distress set forth in the First Count of the plaintiff's three count Complaint on the ground that the plaintiff has not sufficiently alleged such a cause of action.
The relevant facts in this matter were succinctly outlined in a prior memorandum of decision by Judge Hennessey dated July 5, 1994 granting a motion to strike the First Count of an amended Complaint dated March 28, 1994, alleging intentional infliction of emotional distress and denying the motion as to the Second Count alleging defamation. The basis for granting the motion to strike was that the allegations fell short of alleging "extreme and outrageous conduct."
In a revised three count amended complaint dated July 19, 1994.[,] the plaintiff re-alleged a claim for intentional infliction of emotional distress in the First Count.
On August 10, 1994, the defendant filed this motion to strike the First Count of the revised amended complaint dated July 19, 1994. When this motion was argued at short calendar on August 26, 1994, it was noted that plaintiff had filed a new revised complaint dated August 18, 1994, and the parties agreed that the Motion to Strike would be considered as relating to the First Count in this new complaint.
A comparison of the First Count in the complaint dated March 28, 1994 and the complaint dated August 18, 1994, shows that the new allegations in paragraph 4 include the charges that James Messer as manager (1) "abused his position," (2) "unjustifiably and often obscenely ridiculed the Plaintiff to her face while in the listening range of other employees and customers, and behind her back, on almost every occasion that he visited the restaurant," (3) "unjustifiably forbade the Plaintiff to take her scheduled vacation even though he knew that the Plaintiff had already procured plane reservations to South Carolina and," (4) "uncustomarily and without business justification assigned to the Plaintiff the task of furnishing daily sales projections."
The defendant argues in its memorandum in support of its CT Page 12820 motion to strike that count one of the plaintiff's amended complaint should be stricken for the same reasons set forth in the decision by Hennessey, J., on July 5, 1994, which granted the previous motion to strike. The defendant argues that the new allegations in the first count of the present amended complaint do not allege sufficient facts to show that the defendant's conduct was "extreme and outrageous."
Four elements must be alleged in order to prevail on a cause of action for intentional infliction of emotional distress.
 (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's emotional distress; and (4) that the emotional distress sustained by the plaintiff was severe.
In this case, it appears that Messer, acting as an agent of the defendant, was the plaintiff's supervisor and therefore had a position of authority over the plaintiff. The defendant's conduct alleged in the complaint, which, for purposes of this motion, must be examined in a light most favorable to the plaintiff, goes well beyond mere statements pertaining to the plaintiff's job performance. Obscene ridicule of the plaintiff in the listening range of other employees and customers is sufficiently extreme and outrageous conduct to maintain a cause of action for intentional infliction of emotional distress. The other three elements required are sufficiently alleged in the August 18 complaint.
Motion to Strike First Count Denied.
Wagner, J.